IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

YUL CARTER,

                Petitioner,

v.                                                                                CIVIL ACTION NO. 5:05-cv-00708

CHARLES T. FLETS,
Warden, F.C.I. Beckley,

                Respondent.

**MEMORANDUM OPINION**

By Standing Order entered on July 21, 2004, and filed in this case on August 31, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation [PF&R]. Magistrate Judge VanDervort filed his PF&R on April 2, 2008 [Docket 15]. In that filing, the magistrate judge recommended that this Court dismiss Petitioner's Application for a Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 and further dismiss this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by April 18, 2008, pursuant to 28 U.S.C. §

636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner timely filed objections to the PF&R on April 14, 2008.

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. Petitioner is a prisoner in confinement at the Bureau of Prisons' (BOP) FCI Beckley facility.[1] In his § 2241 Petition, Petitioner alleges that BOP has improperly failed to credit approximately six months of time, from February 11, 1990, to August 13, 1990, toward his federal prison sentence. In response, BOP claims that Petitioner served this period of time in the custody of the State of West Virginia on a state conviction, and that Petitioner should not receive double credit for this time.

As noted in the PF&R, on October 16, 1989, Petitioner was arrested by the Charleston, West Virginia Police Department on charges of destruction of property, transferring and receiving stolen property, and malicious wounding. At a preliminary hearing on October 26, 1989, all of these charges were dismissed with the exception of the malicious wounding charge and Petitioner was released on bail. On February 11, 1990, Petition was arrested by the Charleston Police Department on a charge of first degree arson. The Charleston Police Department was assisted in the arrest by agents of the United States Bureau of Alcohol, Tobacco, and Firearms (ATF). On February 21, 1990, Petitioner was arraigned on his malicious wounding charge in the Circuit Court of Kanawha County.

On March 13, 1990, the United States filed a six-count indictment in this Court charging Petitioner with three counts of violating 18 U.S.C. § 844(i), damage by fire, and three counts of

---

[1] In his § 2241 Petition, Petitioner names the Warden of FCI Beckley as the defendant. For simplicity, the Court will refer to the defendant as BOP.

violating 18 U.S.C. § 924(c), use of a dangerous weapon during a crime of violence. [*See* Docket 13-2 at 5, Judgment in *United States v. Yul Carter*, Case No. 2:90-cr-41, S.D. W. Va.] Petitioner was arraigned on those charges on March 29, 1990. At a detention hearing on April 2, 1990, before Magistrate Judge Jerry D. Hogg, Petitioner was ordered detained and was remanded back to State custody.

On May 4, 1990, the Circuit Court of Kanawha County granted Petitioner's motion to continue his State case until the conclusion of his federal prosecution. From May 29, 1990, through June 8, 1990, Petitioner appeared by *habeas corpus ad prosequendum* for trial in this Court before District Judge John T. Copenhaver, Jr. On June 11, 1990, Petitioner was found guilty on all six counts of the indictment.

On July 30, 1990, Petitioner pled guilty to battery in the Circuit Court of Kanawha County. On August 15, 1990, Judge Copenhaver sentenced Petitioner to 26 years to be followed by a three year term of supervised release. On August 16, 1990, the Circuit Court of Kanawha County sentenced Petitioner to a six month term of imprisonment to be served concurrently with his federal sentence. BOP calculates Petitioner's federal sentence as having commenced on August 15, 1990, the date of sentencing, and additionally gives Petitioner credit for August 14, 1990. BOP estimates that Petitioner's release date, with consideration for good time, as April 8, 2013.

In his Petition, Petitioner claims that the period from his arrest on February 11, 1990, to August 13, 1990, should be credited toward his federal sentence for two reasons: (1) he was in federal custody during that time, and (2) the Circuit Court of Kanawha County ordered that his State sentence should run concurrently with his federal sentence. In response, Respondent submits the Declaration of Cheryl A. Pauley, a Correspondence Specialist at the Designation and Sentence

Computation Center in Grand Prairie, Texas. Ms. Pauley has access to the records maintained by the Bureau of Prisons regarding federal inmates. According to her review of those records, Petitioner was arrested by the Charleston Police Department on February 11, 1990, and was in State custody until August 13, 1990. Specifically, the Declaration states that:

> Although inmate Carter's Presentence Investigation Report indicates that he was arrested on February 11, 1990 by ATF agents, inmate Carter's FBI Criminal History Report indicates he was arrested by officers of the Charleston, West Virginia Police Department.
> . . .
> The Circuit Court awarded [Petitioner] credit for time spent in custody prior to sentencing, and thus inmate Carter received credit against his state sentence for the time period beginning February 11, 1990 and ending August 13, 1990.
> . . .
> Inmate Carter's federal sentence is deemed to have commenced on August 15, 1990, the date it was imposed.

[Docket 13-2 at 2.] Respondent also notes that under 18 U.S.C. § 3585(b), Petitioner's time spent serving his State sentence cannot be credited toward his federal sentence.

In his PF&R, following a review of the record in this case, the magistrate judge found that Petitioner was in State custody from February 11, 1990, until August 13, 1990, and that this period should not be credited toward his federal sentence. Petitioner submits two objections to the PF&R: (1) that BOP's records stating that he was arrested by the Charleston Police Department are inaccurate, and (2) that he should receive prior custody credit for his State sentence because the Circuit Court of Kanawha County ordered that its sentence should run concurrently with Petitioner's federal sentence.

## II. LEGAL STANDARD

Fed. R. Civ. P. 72(b) provides, in relevant part, that:

> [A] party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Accord* 28 U.S.C. § 636. Given this standard, there are no burdens of proof with regard to the objections *per se* because the District Court must review the record *de novo*. Rather, the burdens in this proceeding are those applicable to § 2241 petitions. The petitioner carries the burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241. *Carter v. Lynch*, 429 F.2d 154, 157 (4th Cir. 1970). *See, e.g., Vega v. United States*, 493 F.3d 310, 319 (3d Cir. 2007) (noting that in sentencing credit cases under § 2241 "[a]s with any habeas petition, [] the initial burden [is] on the prisoner to show his right to relief").

### III. DISCUSSION

As noted above, Petitioner's first objection is that the magistrate improperly relied on BOP's records in finding that he was in State custody from February 11, 1990, to August 13, 1990. Petitioner believes that the magistrate judge should have found he was in the custody of the federal government during this period because ATF agents were involved in his arrest.

The Court has reviewed the Declaration of Cheryl A. Pauley and **FINDS** that Respondent has demonstrated that Petitioner was in State custody from February 11, 1990, to August 13, 1990, and that this time period was credited toward Petitioner's State sentence. As Petitioner offers no evidence to controvert BOP's records evidence other than merely stating that they are inaccurate,

Petitioner has failed to carry his burden of proof on this point. Accordingly, Petitioner's first objection is **OVERRULED**.

Petitioner secondarily argues that this Court should give effect to the Circuit Court of Kanawha County's sentence of Petitioner to a six month term of imprisonment to be served concurrently with his federal sentence. Presumably, Petitioner believes that because his State sentence began on February 11, 1990, his federal sentence should also run concurrently from that date.

Judge Copenhaver imposed Petitioner's 26 year sentence on August 15, 1990. That sentence does not credit Petitioner for his time spent in custody prior to the date of the sentence, nor does the sentence state whether it should run concurrently or consecutively to any yet-to-be-imposed State sentence.[2] The Fourth Circuit has previously noted that under 18 U.S.C. § 3584(a), when a federal sentence fails to specify whether it is to run concurrent or consecutive to a state sentence, the federal sentence is consecutive to the state sentence. *United States v. Saunders*, 1998 U.S. App. LEXIS 20830, at n.5 (4th Cir. Aug. 25, 1998). Because Petitioner's State sentence ended August 13, 1990, his federal sentence began running on August 14, 1990.[3]

Additionally, under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Thus, under §

---

[2] Petitioner was sentenced by the Circuit Court of Kanawha County on the next day, August 16, 1990.

[3] Although Judge Copenhaver's sentence was imposed on August 15, 1990, BOP has given Petitioner credit toward his federal sentence for August 14, 1990.

3585(b), Petitioner cannot receive prior custody credit toward his federal sentence for February 11, 1990, to August 13, 1990, because that period was credited toward his State sentence.

For these reasons, Petitioner's second objection is **OVERRULED**.[4]

### IV. CONCLUSION

Based on the above, the Court adopts the findings and recommendations contained in the PF&R, **DISMISSES** Petitioner's Applications for a Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241, and further **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: August 11, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that if Petitioner wishes to receive credit toward his federal sentence for time credited toward his State sentence (*i.e.*, February 11, 1990, to August 13, 1990), he must file a motion, pursuant to Fed. R. Crim. P. 36, to alter or amend his federal criminal judgment with his sentencing judge, Judge Copenhaver.